UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD A. FOX, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:18-cv-00237-WTL-MJD |
| | ) |
| R. CARTER, | ) |
| R. BROWN, | ) |
| F. LITTLEJOHN, | ) |
| K. GILMORE, | ) |
| T. LITTLEJOHN, | ) |
| P. AXE, | ) |
| J. WEST-DENNING, | ) |
| K. HOBSON, | ) |
| R. ROBINSON, | ) |
| M. LEOHR, | ) |
| J. HENDRIX, | ) |
| M. ORBURN, | ) |
| C. MCDANIEL, | ) |
| G. SULLIVAN, | ) |
| | ) |
| Defendants. | ) |

**Entry Screening Complaint and Directing Further Proceedings**

Plaintiff Richard Fox, an inmate at the Wabash Valley Correctional Facility (Wabash Valley), brings this action pursuant to 42 U.S.C. 1983 alleging that his civil rights have been violated.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is

immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Discussion

A. *Allegations of the Complaint*

Fox alleges that he suffers from a degenerative back condition known as spondylolysis which causes him severe pain. He states that defendants Hobson and Robinson have falsified his medical records and denied him adequate medical care for this condition. He further asserts that Robinson falsified information in response to grievances he filed related to his care. In addition, defendant Dr. West-Denning has also denied him adequate treatment for his pain and has prescribed him medication to which he is allergic. According to Fox, Dr. West-Denning has provided inadequate medical care in retaliation and discrimination against him.

Fox also alleges that defendants Robert Carter, R. Brown, K. Gilmore, F. Littlejohn, T. Littlejohn, P. Axe, M. Leohr, J. Hendrix, and M. Osburn are liable based on their supervisory roles. He claims these defendants are all supervisory officials who failed to remedy these wrongs after being made aware of them through reports, complaints, and letters.

He also alleges that Brown, Gilmore, Hobson, F. Littlejohn, and T. Littlejohn failed to provide adequate grievance procedures and failed to ensure that medical personnel fulfilled the standard of care.

Fox goes on to allege that defendants M. Leohr, Jack Hendrix, Richard Brown, Robert Carter, and Michael Osburn have failed to provide him with a requested facility transfer and this has resulted in the denial of his visitation rights.

Finally, Fox alleges that defendants Officer McDaniel and Sergeant Sullivan falsified a conduct report against him which resulted in his placement in segregation and the loss of his property.

B. *Screening of the Complaint*

Based on the screening standard outlined above, certain claims will proceed while others will be dismissed.

The claims against Nurses Hobson and Robinson and Dr. West-Denning **shall proceed** as claims that these defendants exhibited deliberate indifference to the plaintiff's serious medical needs in violation of his Eighth Amendment rights.

Any claim for retaliation or discrimination must be **dismissed**. First, to state a retaliation claim, the plaintiff must allege that that "(1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009). While Fox states that the defendants provided him poor medical treatment in retaliation, he does not connect the poor medical treatment to activity protected by the First Amendment or state that such activity was a motivating factor in the poor medical treatment. In

addition, to state a claim for discrimination under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must assert that he was treated differently than others based on his membership in a protected class. *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 663 (7th Cir. 2006) (The "complaint must indicate the discrimination occurred because of sex, race, national origin, or some other protected class . . . . Merely complaining in general terms of discrimination or harassment, without indicating a connection to a protected class or providing facts sufficient to create that inference, is insufficient.") (citing *Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134, 1147 (7th Cir.1997)). Fox makes no such allegation here.

Any claims against Robert Carter, R. Brown, K. Gilmore, F. Littlejohn, T. Littlejohn, P. Axe, M. Leohr, J. Hendrix, and M. Osburn based on their supervisory roles must be **dismissed**. "Individual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted) (citing *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault. An individual cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation . . . . A causal connection, or an affirmative link, between the misconduct complained of and the official sued is necessary.")). Whether supervisory personnel at a prison are sufficiently involved in an alleged constitutional violation such that they may be liable for damages often depends on that person's knowledge of, and responsibilities regarding, the alleged harm. Mere "knowledge of a subordinate's misconduct is not enough for liability." *Vance v. Rumsfeld*, 701 F.3d 193, 203 (7th Cir. 2012) (en banc). Indeed, "inaction following receipt of a complaint about someone else's conduct is [insufficient]." *Estate of Miller by Chassie v. Marberry*, 847 F.3d 425, 428 (7th Cir. 2017); *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir.

2009) ("[The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor . . . and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.").

Next, the claim that there is an inadequate grievance procedure at Wabash Valley must be **dismissed**. The Seventh Circuit has "specifically denounc[ed] a Fourteenth Amendment substantive due process right to an inmate grievance procedure." *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008). As explained in *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), "any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Id*. at 1430-31 (internal citations omitted). Because Fox had no expectation of a particular outcome of his grievances or complaints there is no viable claim which can be vindicated through 42 U.S.C. § 1983. *Juriss v. McGowan*, 957 F.2d 345, 349 n.1 (7th Cir. 1992) (without a predicate constitutional violation one cannot make out a prima facie case under § 1983).

In addition, the claim that he has been denied a requested transfer must be **dismissed** because there is no constitutional right to be housed in any particular institution. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005)("[T]he Constitution itself does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement.").

Finally, the claim against Officer McDaniel and Sergeant Sullivan must be **dismissed** because the allegation that his rights were violated when he was placed in segregation is insufficient to allow a conclusion that his due process rights have been violated. In *Sandin v.*

*Conner*, 115 S. Ct. 2293, 2300 (1995), the Supreme Court explained that due process protections—"will be generally limited to freedom from restraint which, . . . imposes atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Id.* "In the absence of such 'atypical and significant' deprivations, the procedural protections of the Due Process Clause will not be triggered." *Lekas v. Briley*, 405 F.3d 602, 608 (7th Cir. 2005). Fox has not alleged that his placement in segregation has resulted in "atypical and significant" deprivations of his rights. To the extent he sues McDaniel and Sullivan for the loss of his property, he has failed to state a claim that his due process rights have been violated. Indiana's Tort Claims Act (IND. CODE § 34-13-3-1 et seq.) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."); *Zinerman v. Burch*, 110 S. Ct. 975, 983 (1990) ("Deprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide due process."). Because Fox has an adequate state law remedy, the alleged deprivation of his property was not a constitutional violation. *Weaver v. Combs*, 2008 WL 4371342, *3 (S.D. Ind. 2008).

### III. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to

keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### IV. Conclusion and Service of Process

In sum, the claims that Nurses Hobson and Robinson and Dr. West-Denning were deliberately indifferent to Fox's serious medical needs **shall proceed**. This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. The **clerk shall terminate** all other defendants. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court, he shall have **through July 9, 2018,** in which to identify those claims.

The **clerk is designated** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 6/13/18

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Richard A. Fox
883999
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

J. West-Denning
MEDICAL EMPLOYEE
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

R. Robinson
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838

K. Hobson
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
P.O. Box 1111
Carlisle, IN 47838